[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THE PLAINTIFF'S MOTION FOR ADDITUR OR IN ALTERNATIVE SET-ASIDE VERDICT
In this action for damages arising out of an automobile accident, the jury rendered a verdict in favor of the plaintiff Peter Huzar and against the defendants Mary T. Huzar (the driver of the vehicle in which he was a passenger) and Aida Cupo (the driver of the other vehicle) in the amount of $62,062.00. The plaintiff seeks an additur and if the defendants fail to accept the additur, he seeks to have the court set aside the verdict.
"Assessment of damages is peculiarly within the province of the jury and their determination should be set aside only when the verdict is plainly excessive and exorbitant." Wochek v. Foley,193 Conn. 582, 586 (1984) "The only practical test to apply to a verdict is whether the award of damages falls somewhere within the necessarily uncertain limits of fair and reasonable compensation in the particular case, or whether the verdict so shocks the sense of justice as to compel the conclusion that the jury were influenced by partiality, prejudice, mistake or corruption. Evidence offered at trial relevant to damages must be reviewed in the light most favorable to sustaining the verdict." Holbrook v. Casazzi,204 Conn. 336, 360 (1987).
In this case the jury could have found that the plaintiff's pre-existing rheumatoid condition of cervical spondylitis was aggravated only by an increase of 5% — that is, he now has a 35% disability of which only 5% was due to the accident. In addition, the jury could have found that a mere 3% permanent disability to the wrist was caused by the accident. These nominal percentages of disability were supported by the testimony of Dr. Gordon Hutchinson who not only examined the plaintiff on behalf of the defendants, but also had the opportunity to examine him in 1983, before the accident, in consultation with his treating physician, Dr. Siegfried Kra. "To put it colloquially, it may well be that the jury did not `buy' . . ." the testimony of the plaintiff's physicians. Murteza v. State, 7 Conn. App. 196, 210 (1986).
Taking these nominal assessments of the permanency of the plaintiff's injuries which are attributable to the accident, together with $3,709 in medical and other out-of-pocket expenses, and lost wages for seven weeks of approximately $5,000 to $6,000 (including overtime), the court cannot find, as a matter of law, CT Page 688 that the verdict of $62,062.00 is inadequate.
Accordingly, the motion for additur is denied, and judgment in favor of the plaintiff Peter Huzar against the defendants Mary T. Huzar and Aida Cupo shall enter in the amount of $62,062.00 plus costs of $4,235.80 (which includes taxable costs for the testimony, of Dr. Siegfried Kra in the amount of $3,250.00 — that is, $2,500.00 for the first full day of testimony and $750.00 for the second partial day).
ROBERT I. BERDON, JUDGE.